# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

     Plaintiff,

v.                                 CASE NO: 8:12-cv-829-T-26EAJ

STEPHEN H. HAMIC; HAMIC, JONES,
HAMIC & STURWOLD, P.A.;
WILLIAMS L. NICHOLAS, and
MOLLY WESCOMB,

     Defendants.
_____/

STEPHEN H. HAMIC and HAMIC, JONES,
HAMIC & STURWOLD, P.A.,

     Third-Party Plaintiffs,

v.

FEDERAL INSURANCE COMPANY,

     Third-Party Defendant.

_____/

# **O R D E R**

Before the Court is Third-Party Defendant's Motion to Dismiss Amended Third-

Party Complaint and to Strike (Dkt. 35) and Third-Party Plaintiffs' Response in

Opposition.  (Dkt. 39).  After careful consideration of the allegations of the Amended Third-Party Complaint, the applicable law and the entire file, the Court concludes that the motion should be denied in part and granted in part.

Two insurance policies are the subject of the instant action.  Plaintiff Philadelphia Indemnity Insurance Company (Philadelphia) filed this declaratory relief action to determine whether it owes duties to indemnify and defend Stephen H. Hamic, a certified public accountant, and his firm, Hamic, Jones, Hamic & Sturwold, P.A. (the Firm) pursuant to the Firm's professional liability insurance policy.  The second policy, which was issued by Federal Insurance Company (Federal) to Hamic, is the subject of the Third-Party Complaint.  The determination of coverage under both policies appears to turn on whether Hamic was acting in the scope of his employment as an accountant for the Firm.  According to the Third-Party Plaintiffs, if Hamic is found by the trier of fact to have acted outside the scope of employment, then Federal will owe a duty to indemnify.  Conversely, according to the Third-Party Plaintiffs, if Hamic is found to have acted within the scope of his employment, then Philadelphia will owe a duty to indemnify.

At the outset, Federal has denied coverage to Hamic on specific claims and to the Firm on all claims, and has refused to defend the Firm.[1]  The Third-Party Plaintiffs Hamic and the Firm seek relief against Federal in two counts: (1) breach of contract for failure to

---

[1]  See docket 19, Exh. 1.

defend the accounting firm[2] as not a "covered person" and (2) declaratory relief as to both

the duties to defend and indemnify as to both Hamic and the Firm.  Federal argues first,

that the issue of the duty to indemnify[3] is not ripe because there is no verdict in the

underlying liability action pending in state court.  See Smithers Constr., Inc. v. Bituminous

Cas. Corp., 563 F.Supp.2d 1345, 1348 (S.D. Fla. 2008); Penn Millers Ins. Co. v. Ag-Mart

Produce, Inc., 2006 WL 2864402, at *1 (M.D. Fla. 2006) (citing Northland Cas. Co. v.

HBE Corp., 160 F.Supp.2d 1348, 1361-62 (M.D. Fla. 2001)).   Third-Party Plaintiffs cite

authority for the proposition that a declaratory judgment action need not be stayed pending

resolution of the underlying litigation.   See Higgins v. State Farm Fire & Cas. Co., 894

So.2d 5 (Fla. 2004).[4]  Hamic and the Firm urge this Court to consider the factors listed in

---

[2]   Federal has agreed to defend Hamic, the individual accountant.  "Federal has
agreed to provide a defense to Hamic . . ., but has refused to provide a defense to the
firm."  See Amended Third-Party Complaint at docket 19, paras. 12, 19.  "Federal admits
that there may be coverage for Counts I and II, and has thus provided a defense to Hamic
under a reservation of rights."  See Amended Third-Party Complaint at docket 19, para.
23.

[3]   The duty to indemnify must be distinguished from the duty to defend as the duty
to indemnify "cannot be resolved until the outcome of the case, whether by trial to
ascertain all of the facts or by a settlement, which inherently considers all the facts."
Union Fire Ins. Co. of Pittsburgh, PA v. Beta Constr. LLC, 816 F.Supp.2d 1256, 1260-61
(M.D. Fla. 2011) (citing Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1360
(M.D. Fla. 2001)).

[4]   In Powers v. Hartford Ins. Co. of the Midwest, 2010 WL 2889759 (M.D. Fla.
2010), the district court did not decide the issue of whether a declaratory relief action to
determine the duties to defend and to indemnify should be stayed.

<u>Higgins</u> and exercise its discretion to decide the coverage issue before the trial of the pending state court action presently scheduled for trial in April 2013.

Considering the circumstances of this case, the Court finds that the indemnity claim must be stayed until the state proceeding is concluded.  <u>See</u> <u>Southern Coatings, Inc. v. Century Surety Co.</u>, 2008 WL 954178 (S.D. Fla. 2008) (staying in federal court removed third-party indemnity action seeking declaratory relief on insurance coverage pending resolution of underlying state court action).  The only exception to finding an indemnification action premature, is "if [the court] can conclusively determine from the allegations in the complaint that no coverage exists."  <u>Southern Coatings</u>, 2008 WL 954178, at *4.   A review of the allegations of the state-court complaint reveals that no exception exists.

In the underlying, ongoing state-court action, which was filed in 2009,[5] three individuals sued Hamic and the Firm for civil conspiracy to commit extortion, malicious prosecution, and abuse of process.[6]  The gist of the allegations of the state-court complaint is that Hamic and the Firm provided certain business records to the state attorney's office in Polk County which formed the basis of criminal charges brought against two of the

---

[5]   <u>See</u> docket 1, Exh. 2, Complaint filed in <u>Nicholas, et al. v. Hamic</u>, No. 09CA9895, pending in the Tenth Judicial Circuit Court in and for Polk County, Florida.

[6]   <u>See</u> docket 1, Exh. 2.

three individuals,[7] and that Hamic and the Firm used the criminal process issued against

the two individuals to assert leverage on them to dismiss or settle another civil action filed

against Hamic's brother, Michael C. Hamic.[8]   The criminal charges arose out of an

alleged theft by William Nicholas and Molly Wescomb from Exit Realty, a company

which was owned by Michael Hamic, Mr. and Mrs. Nicholas and their daughter, Molly

Wescomb.[9]   These allegations do not conclusively determine that no coverage exists and

therefore this case should be stayed until the indemnification claims become ripe.[10]

---

[7]   See State of Florida v. William L. Nicholas, No. 53-2009-CF-3713 and State of Florida v. Molly Wescomb, No. 53-2009-CF-3712, filed in the Tenth Judicial Circuit in and for Polk County, Florida.  Both cases for felony theft and fraud were terminated by the state on July 8, 2009, by the state attorney announcing a "No Bill."  See docket 1, Exh. 2, para. 8.

[8]   The referenced state court action is titled Nicholas, et al. v. Michael C. Hamic, No. 53-2008CA-4506-LK, pending in the Tenth Judicial Circuit Court in and for Polk County, Florida.  See docket 1, Exh. 2, para. 7.  The complaint has been amended four times and alleges additional claims against Hamic and the Firm.  See docket 15, Exh. 2. Michael Hamic was a real estate sales associate with Exit Realty, which was half-owned by him and half owned by the Nicholases and Molly Wescomb.  See docket 1, Exh. 2, para. 10.  The action sought termination of Michael Hamic's interests in Exit Realty.  See docket 1, Exh. 2, para. 7.

[9]   See docket 1, Exh. 2, para. 9.

[10]   Another consideration in determining whether to stay a case is the principles of comity, federalism, and judicial economy which favor allowing the state-court action to proceed to judgment or settlement.  Bituminous, 563 F.Supp.2d at 1348; Southern Coatings, 2008 WL 954178, at*4 (citing Ameritas Veritable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005)).

In addition to contesting the resolution of the duty to indemnify, Federal also asserts that the duty to defend owed to Hamic has been admitted in the allegations and therefore the complaint should be dismissed with prejudice regarding that particular duty to defend. The duty to defend the Firm, however, has been refused by Federal according to the allegations. The Court finds that because both parties acknowledge that Federal is presently providing a defense to Hamic, the issue of Federal's duty to defend Hamic does not create a justiciable controversy. Axis Surplus Ins. Co. v. Contravest Constr. Co., 2012 WL 2048303, at *3-4 (M.D. Fla. 2012). Consequently, the claim regarding Federal's duty to defend Hamic should be dismissed. Should a controversy arise in the future, the claim may then be brought.

With respect to the request to strike certain allegations of the Amended Third-Party Complaint, the Court finds that the allegations need not be stricken. The veracity of the facts alleged will not be determined on a motion to dismiss. Moreover, the inclusion in a complaint that a duty to defend is subject to a reservation of rights is not irrelevant to an action seeking a declaration of the duty to defend and coverage, and is not so "redundant, immaterial, impertinent, or scandalous" to warrant being stricken. Fed. R. Civ. P. 12(f).

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)     The Third-Party Defendant's Motion to Dismiss and to Strike (Dkt. 35) is
**DENIED in part and GRANTED in part.**

(2) The claim seeking a declaration that Federal owes a duty to defend Hamic, as opposed to the Firm, is hereby dismissed.

(3) The Third-Party Plaintiffs' claims for indemnification are hereby stayed until resolution of the pending, underlying state-court action on liability.

(4) Federal shall file an answer to the Amended Third-Party Complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on July 27, 2012.


     s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

-7-