**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

     Plaintiff,

v.                                               CASE NO: 8:12-cv-829-T-26EAJ

STEPHEN H. HAMIC; HAMIC, JONES, HAMIC
& STURWOLD, P.A.; WILLIAM L. NICHOLAS
and MOLLY WESCOMB,

     Defendants.

_____/

STEPHEN H. HAMIC and HAMIC, JONES, HAMIC
& STURWOLD, P.A.,

     Third-Party Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

     Third-Party Defendant.

_____/

**O R D E R**

     **UPON DUE CONSIDERATION** of Plaintiff Philadelphia Indemnity Insurance

Company's Motion to Reconsider or to Amend the Order on Summary Judgment (Dkt.

52), and Defendants Stephen H. Hamic and Hamic, Jones, Hamic & Sturwold, P.A.'s

Response (Dkt. 56), the Court hereby resolves the issue of whether the Plaintiff owes a duty to defend the insureds with respect to the claim of civil conspiracy.

This Court previously determined that Philadelphia Indemnity Insurance Company (Philadelphia) owes a duty to defend the claim of malicious prosecution.[1]  Although the insurer must defend the entire suit, Philadelphia asserts that there must be an additional resolution with respect to the civil conspiracy claim.  The Firm, as opposed to Hamic, was never sued for malicious prosecution, and Hamic was not sued for malicious prosecution until the complaint was subsequently amended.  Both the Firm and Hamic were initially sued for civil conspiracy.  Consequently, the Court will decide whether Philadelphia owes a duty to defend the civil conspiracy claim.

As noted in the prior order, the complaint alleges that both Hamic and the Firm "conspired" to commit malicious prosecution, extortion and abuse of process.[2] Philadelphia argues that conspiracy, as an intentional tort, is not covered by the professional liability policy at issue. The cases relied on by Philadelphia involve the interpretation of commercial general liability policies insuring against "accidents."  An intentional tort may be covered in policies other than those for general liability, which are not based on accidents.  See Hartford Fire Ins. Co. v. Spreen, 343 So. 2d 649, 652 (Fla.Dist.Ct.App. 1977) (finding coverage under personal catastrophe policy, but not

---

[1]  See docket 51, Order dated September 4, 2012.

[2]  See docket 15-2, para. 17.

homeowner's policy, for assault and battery which was not specifically listed as

intentional tort covered and where policy did not contain exclusion for damages

intentionally caused by insured).  A professional liability policy covers errors and

omissions and the one in this case does not contain an intentional acts exclusion and

provides coverage for some intentional torts though not specifically malicious prosecution

or conspiracies.

The tort of civil conspiracy consists of the following: (1) an agreement between

two or more parties; (2) to perform an unlawful act or to perform a lawful act by unlawful

means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to

plaintiff as a result of the acts done under the conspiracy.  Bray & Gillespie Mgmt. LLC

v. Lexington Ins. Co., 527 F.Supp. 2d 1355, 1370 (M.D. Fla. 2007) (citing Florida Fern

Growers Ass'n, Inc.  v. Concerned Citizens of Putnam Cnty., 616 So. 2d 562, 565

(Fla.Dist.Ct.App. 1993)).  In the civil context of conspiracy, the unlawful act is a tort, not

a crime, which in this case is malicious prosecution.[3]  The "gist of a civil action for

conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the

conspiracy and which results in damage to the plaintiff."  Palm Beach Cty. Health Care

Dist. v. Professional Med. Educ., Inc., 13 So. 3d 1090, 1096 (Fla.Dist.Ct.App. 2009)

(quoting  Liappas v. Augoustis, 47 So. 2d 582 (Fla. 1950)).  Conversely, "[a]n act which

---

[3]  The element of "intent" to achieve an illegal goal is found in the criminal
context.  See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 502
(Fla.Dist.Ct.App. 1994), which was cited by Philadelphia.

does not constitute a basis for an action against one person cannot be made the basis of a

civil action for conspiracy."  <u>Buckner v. Lower Fla. Keys Hosp. Dist.</u>, 403 So. 2d 1025,

1027 (Fla.Dist.Ct.App. 1981) (citing <u>Liappas</u>, 47 So. 2d at 582).  Thus, an underlying tort

must exist before a cause of action for civil conspiracy exists.

Because malicious prosecution falls within the coverage of the policy at issue

under the facts as alleged in this case, there is also coverage for the conspiracy to commit

malicious prosecution.[4]  The tort of civil conspiracy does not require a finding of specific

intent to harm the plaintiff[5] or to extract an intended result.[6]  Essentially the intent to

commit the tort does not also mandate an intent to do the harm that resulted, which was

an arrest.[7]  Based on these principles, Philadelphia owes a duty to defend the insureds on

---

[4]  See <u>Capano Mgmt. Co. v. Transcon. Ins. Co.</u>, 78 F.Supp. 2d 320, 331-32 (D. Del. 1999) (holding that a duty to defend the underlying wrong triggers a corresponding duty to defend the civil conspiracy to commit that wrong); <u>Northern Sec. Ins. Comp. v. Connors</u>, 20 A. 3d 912, 916-17 (N.H. 2011) (holding that coverage of false imprisonment extends to conspiracy to commit false imprisonment without an application of an intentional acts exclusion).

[5]  See <u>Clemmons v. State Risk Mgmt. Trust Fund</u>, 870 So. 2d 881 (Fla.Dist.Ct.App. 2004) (holding that a finding of liability for conspiracy does not necessarily imply that the tortfeasors "intended to harm" the insured "because conspiracy does not require a finding of specific intent, but requires only the additional element that the accused conspired to commit the underlying offense.").

[6]  See <u>Lime Tree Village Community Club Ass'n, Inc. v. State Farm Gen. Ins. Co.</u>, 980 F.2d 1402, 1407 (11th Cir. 1993) (holding that while "conspired" may "imply intentional conduct in so far as these are volitional acts, these counts do not directly allege Limetree intended the result.").

[7]  See also <u>Castro v. Allstate Ins. Co.</u>, 724 So. 2d 133 (Fla.Dist.Ct.App. 1998) (finding duty to defend for reckless act of putting radio up to colleague's ear which

the claim of conspiracy.  The duty to indemnify cannot be resolved until the underlying case is concluded on the facts as developed at trial or otherwise.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff Philadelphia Indemnity Insurance Company's Motion to Reconsider or to Amend the Order on Summary Judgment (Dkt. 52) is granted to the extent the Order of September 4, 2012, is hereby amended to include the further rulings as set forth in this order concerning the denial of Plaintiff's Motion for Final Summary Judgment at docket 44.

**DONE AND ORDERED** at Tampa, Florida, on October 18, 2012.


       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

resulted in severe injury to ear, because the allegations of the complaint showed reckless disregard, not intentional act, caused injuries).